**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) WILLIAM CASH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: CIV-13-00750-GKF-PJC |
| (1) FARMERS INSURANCE COMPANY, INC., a Foreign For Profit Insurance Corporation | ) ) ) ) ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, Farmers Insurance Company, Inc. ("Farmers") pursuant to 28 U.S.C. §1441 et seq. and Local Court Rules of the United States District Court for the Northern District of Oklahoma, states as follows:

1. The above styled cause was commenced in the District Court of Tulsa County, State of Oklahoma and is now pending in that court. Process was served on Farmers by certified mail on the Oklahoma Insurance Commissioner on October 29, 2013. A copy of Plaintiff's Petition setting forth a claim for relief upon which the action is based is attached hereto and marked as Exhibit 1. A copy of the Summons served upon Farmers is attached hereto and marked as Exhibit 2.

2. Plaintiff at all pertinent times to this lawsuit was a resident of Osage County, Oklahoma.

3. Farmers is a foreign corporation doing business in the State of Oklahoma. Farmers is incorporated in and has its principal place of business in Kansas.

4. The amount in controversy is greater than $75,000 as set forth by Plaintiff in his Petition. This lawsuit involves plumbing related damage to Plaintiff's residence on October 17,

2012. Plaintiff seeks a money judgment against Farmers for contractual damages, bad faith damages and punitive damages all in excess of $75,000. Plaintiff has asserted causes of action for breach of contract, breach of the duty of good faith and fair dealing and punitive damages. Under Oklahoma law, a plaintiff may be awarded, as punitive damages, the greater of actual damages or $100,000 for breach of the duty of good faith and fair dealing by the plaintiff's insurer. If the jury finds the insurer intentionally and with malice breached its duty of good faith and fair dealing it may award $500,000 or twice the actual damage. 23 O.S. §9.1 (2003). "[P]unitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc. v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003); *see also Geoffrey E. Macpherson, Ltd. v. Brincell, Inc.*, 98 F.3d 1241, 1244-1245 (10th Cir. 1996). Thus, the amount sought, by Plaintiff, for actual and punitive damages, exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. Clearly, "it cannot be said 'to a legal certainty that the claim is really for less than the jurisdictional amount'" *Geoffrey E. Macpherson, Ltd.*, 98 F.3d at 1245 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

5. As a result of diversity of citizenship, and since the amount in controversy exceeds $75,000, exclusive of interest and costs, this is an action over which the United States District Court for the Northern District of Oklahoma has original jurisdiction pursuant to 28 U.S.C. §1332(a).

6. No other process, pleadings or orders were served on Farmers to date.

7. A copy of the Tulsa County docket sheet is attached as Exhibit 3.

GIVENS LAW FIRM


BY:   /s Sheila R. Benson
      Greg D. Givens, OBA No. 10310
      Sheila R. Benson, OBA No. 19050
      136 N.W. 10th Street, Suite 100
      Oklahoma City, OK  73103
      Telephone:   (405) 604-6880
      Facsimile:    (405) 604-6998
      Email:        ggivens@givenslaw.net
                       sbenson@givenslaw.net
     *Attorneys for Defendant*


**CERTIFICATE OF SERVICE**

     I hereby certify that on the 18th day of November, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Wm. Gregory James
Thomas M. Askew
Roger Gassett
Riggs, Abney, Neal, Turpen
   Orbison & Lewis
*Attorneys for Plaintiff*

          /s Sheila R. Benson

3